# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Zarza Davalos,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>    Respondents. | No. CV-25-04459-PHX-SHD (ASB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) In a December 5, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 4.) The OSC is fully briefed. (Docs. 6-7.) For the reasons that follow, the Petition is granted, and Respondents must release Petitioner pursuant to the alternative $10,000 bond.

## I.   Background

Petitioner is a citizen of Mexico who "entered the United States without inspection in 2001, and has lived in the United States continuously since that time." (Doc. 1 ¶ 19.) On October 1, 2025, ICE arrested Petitioner as he was released from the Maricopa County Jail. (*Id.* ¶ 20.) That same day, Petitioner was issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.* ¶ 23.) Petitioner requested a custody redetermination before an Immigration Judge, but his request was denied on November 13, 2025, on the ground

that the Immigration Court lacked jurisdiction under *Matter of Yajure Hurtado*. Alternatively, the Immigration Judge determined he would grant bond in the amount of $10,000 "with alternatives to detention at the discretion of DHS." (Doc. 1-1 at 1.)

Petitioner alleges that detention without a bond hearing is violative of INA § 236 and his due process rights. (Doc. 1 at 11-12.) Petitioner requests release from custody, an order directing Respondents to provide him a bond hearing under 8 U.S.C. § 1226, or release under the alternative $10,000 bond. In the OSC, the Court observed that Petitioner's case was virtually indistinguishable from *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which the district court determined individuals like Petitioner are governed by § 1226 and not § 1225(b)(2)(A). (Doc. 4 at 2.)

## II. Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

Respondents' position is

> Congress enacted what is now 8 U.S.C. § 1225, which requires the detention of any alien "who is an applicant for admission" and defines that term to encompass any "alien present in the United States who has not been admitted" following inspection by immigration authorities. 8 U.S.C. § 1225(a), (b)(2)(A). The statute makes no exception for how far into the country the alien traveled or how long the alien managed to evade detection.
>
> * * *
>
> Respondents are aware of this Court's prior decision rejecting Respondents' position, *see Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but respectfully maintain that Petitioner falls within the definition of an "arriving alien" warranting mandatory detention as the removal process unfolds. Respondents also respectfully maintain that an alien is an "applicant for admission" until an immigration official has inspected that person and determined that he or she is admissible into the United States.

(Doc. 6 at 1-2, 11.)

Nothing in Respondents' brief persuades the Court that this analysis is mistaken.

Indeed, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6.

The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' view clearly represents the minority position—in the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached by the district court in *Echevarria*. For these reasons, the Petition is granted, and Petitioner must be released pursuant to the alternative bond determination.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must release Petitioner in compliance with the IJ's alternative bond determination setting a $10,000 bond with alternatives to detention at the discretion of DHS.
3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner.
4. All remaining motions are denied as moot.
5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 11th day of December, 2025.

_____
Honorable Sharad H. Desai
United States District Judge